# Ruffin *v*. Hines.

*Appeal from the Court of a Justice of the Peace.*

1. *An appeal from the judgment of a justice of the peace will not be dismissed because the bond contains no property.*—A motion to dismiss an appeal from the judgment of a justice of the peace, because the appeal bond contains no penalty, is properly overruled.

APPEAL from the Circuit Court of Coosa.

Tried before the Hon. JOHN HENDERSON.

The mercantile firm of Lewy & Lewy brought suit before a justice of the peace in Coosa county on an account against Nathan Hines. A judgment was rendered in favor of the defendant for the sum of twenty 97-100 dollars. The plaintiffs appealed to the Circuit Court of the said county, and executed an appeal bond in the usual form, with Jesse L. Ruffin as one of their sureties. The case was continued by the plaintiffs both at the spring term and at the fall term, 1875, of the said court; and at the spring term, 1876, of the said court, the plaintiffs dismissed their appeal. Thereupon

[Boyle v. Shulman, Goetter & Weil and Boyle v. LeGrand & Co.]

the court rendered a judgment against the plaintiffs and sure-ties for the sum of twenty-two 77-100 dollars, together with the costs of the suit.

On the petition of the said Ruffin, a writ of *supersedeas* was granted; and a motion was made by him in the following terms:

"Spring term, April 22d, 1876. Motion is made in this case to set aside, vacate and annul the judgment rendered in this case in favor of Nathan Hines against the plaintiffs and their sureties on their appeal bond, for all the costs that have accrued in the said cause, as to the sureties on the appeal bond, on the ground that the appeal bond on which this case was brought from the justice's court into this court, is without any penalty." This was continued.

At the fall term, 1876, of the court, the motion was "overruled and the *supersedeas* was dismissed," and the defendant excepted.

S. J. DARBY, for appellant.

W. D. BULGER, for appellee.

STONE, J.—The statute—Code of 1876, § 3654—which provides for appeals from judgments of justices of the peace to the Circuit Court, contains no clause which declares the sum or penalty in which the appeal bond shall be given. The party appealing must execute "a bond or obligation, with sufficient security, payable to the adverse party, conditioned to pay such judgment, both as to debt and costs, as may be rendered by the Circuit Court." The Circuit Court did not err in overruling the motion and quashing the *supersedeas*.

Affirmed.